# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 25-30625
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2026

Lyle W. Cayce
Clerk

Chrishendral C. Davenport,

*Plaintiff—Appellant*,

*versus*

Zachary Manor Nursing and Rehabilitation Center,
L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-224

_____

Before Davis, Richman, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff-Appellant Chrishendral Davenport appeals a summary judgment dismissing her FMLA[1] interference and retaliation claims. Because she did not produce evidence showing her entitlement to FMLA

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601–54.

leave or a causal link between her discharge and FMLA-protected activity, we AFFIRM.

Davenport is a licensed practical nurse who began working for Defendant-Appellee Zachary Manor Nursing and Rehabilitation Center, L.L.C. in 2016. In late May 2020, Davenport learned a patient at the facility had been diagnosed with COVID-19. She told her supervisor she planned to quarantine for two weeks to prevent exposing her mother to the virus and, at some point during the conversation, asked if she could use FMLA leave. The supervisor denied the leave request because Davenport was not sick and did not work with the COVID-positive patient, and because Zachary Manor was testing staff and residents for the virus. The supervisor warned that Davenport was expected to report to work as scheduled, otherwise she would be considered a "No Call No Show." When Davenport did not arrive for her shift, Zachary Manor fired her.

Davenport sued, alleging FMLA interference and retaliation. Zachary Manor moved for summary judgment. The district court granted the motion as to Davenport's interference claim because she had not shown an entitlement to FMLA leave: although she claimed it was to care for her mother, Davenport offered no summary-judgment evidence showing her mother suffered from a "serious health condition." The court, however, denied summary judgment on the retaliation claim because Zachary Manor did not mention that claim until its reply briefing.

Zachary Manor sought reconsideration of the latter ruling for two reasons, neither of which Davenport meaningfully challenged: (1) Davenport was not entitled to leave under the Act, so could not have engaged in FMLA-protected activity, and (2) Davenport presented no evidence suggesting her termination was pretext for retaliation. The court granted Zachary Manor's motion for reconsideration and, finding that Davenport had not engaged in

2

protected activity, dismissed the retaliation claim on the first ground Zachary Manor urged.[2] Davenport timely appealed. Our review is de novo.[3]

The FMLA contains two provisions, the first of which creates entitlements for eligible employees.[4] The second "is proscriptive, and protects employees from retaliation or discrimination for exercising their rights under the FMLA."[5] Davenport's interference claim involves the FMLA's entitlement provision; her retaliation claim arises from the proscriptive provision. We address both in turn.

A plaintiff bringing an interference claim must prove, among other things, her entitlement to FMLA leave.[6] Davenport claims she was entitled to leave to care for her mother. She is correct that the FMLA grants eligible employees 12 weeks of leave during any 12-month period to care for a parent who has a "serious health condition."[7] What she overlooks, however, is that "serious health condition" is a defined term, meaning "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider."[8] Davenport in her

---

[2] Davenport contends the district court erred by reconsidering Zachary Manor's summary-judgment motion, but the district court acted well within its discretion. *See* FED. R. CIV. P. 54(b); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam).

[3] *See Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024).

[4] *See Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 580 (5th Cir. 2006).

[5] *Id.*

[6] *See Harrelson v. Lufkin Indus., Inc.*, 614 F. App'x 761, 763 (5th Cir. 2015) (per curiam); *see also* 29 U.S.C. §§ 2601(b)(2), 2611(11); *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 526 (5th Cir. 2021).

[7] 29 U.S.C. § 2612(a)(1)(D).

[8] 29 U.S.C. § 2911(11).

complaint alleged her mother was "sick." But in discovery, she refused to substantiate the allegation and on summary judgment, she adduced no evidence at all indicating her mother had a "serious health condition."

That omission is fatal to her interference claim. As the party opposing summary judgment, Davenport could not "rest upon mere allegations contained in the pleadings" but rather, had "to identify specific evidence in the record and to articulate the precise manner in which that evidence supports" her claim.[9] Because Davenport pointed to no evidence showing her mother had a "serious health condition," she failed to raise a genuine dispute of material fact about her entitlement to FMLA leave.[10] Summary judgment properly entered on the interference claim.

Turning to the retaliation claim, a prima facie case of FMLA retaliation requires proof of three elements: the employee engaged in activity protected by the FMLA; she suffered an adverse employment action; and the two are causally linked.[11] Once the employee satisfies the prima facie case, we employ *McDonnell Douglas* burden shifting to evaluate the employer's intent.[12] At this stage, the employer must produce a legitimate nonretaliatory reason for the adverse employment action at issue.[13] The employee then must

---

[9] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[10] Davenport opposed summary judgment on this ground with argument that she submitted her mother's "discharge summaries." But she did not corroborate the argument with competent summary-judgment evidence.

[11] *See Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

[12] Burden shifting is unnecessary if the employee has direct evidence of her employer's retaliatory intent. There is no such direct evidence here.

[13] *See Tatum v. S. Co. Servs., Inc.*, 930 F.3d 709, 713 (5th Cir. 2019).

respond with evidence that the employer's reason is false and hence, pretext for retaliation.[14]

The district court dismissed Davenport's retaliation claim under the first element of the prima face case. It found Davenport had not engaged in protected activity because she failed to prove her entitlement to FMLA leave. Though Davenport's position was not clearly stated on summary judgment, she explains on appeal that her contention slightly differs from what the district court perceived. Rather than arguing that she was fired for her unapproved absence from work, she argues she was fired merely for asking to use FMLA leave to quarantine.

It is unnecessary to consider this argument because Davenport produced no evidence correlating her termination with her request for leave, which is the only arguably protected activity in the record.[15] And she submitted nothing to dispute Zachary Manor's evidence that she was fired for unprotected activity—an unapproved, non-FMLA absence from work. Because Davenport produced no evidence relating her discharge to FMLA-protected activity or disputing that she was discharged for unprotected activity, the retaliation claim was correctly dismissed.[16] AFFIRMED.

---

[14] *See Cerda v. Blue Cube Operations, L.L.C.*, 95 F.4th 996, 1003 (5th Cir. 2024); *Moreno v. Dealer Integrated Servs., L.L.C.*, No. 25-20470, 2026 WL 1286835, at *5 (5th Cir. May 11, 2026) (per curiam).

[15] *See Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (per curiam) (stating we may affirm a summary judgment for any reason supported by the record).

[16] The causation standard for FMLA retaliation claims is an unsettled question in this circuit. *See Decou-Snowton v. Jefferson Par.*, No. 24-30079, 2024 WL 4879466, at *4 n.2 (5th Cir. Nov. 25, 2024) (per curiam). Because Davenport raises no causal evidence whatsoever, her retaliation claim would not survive regardless of the standard employed.